# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREASURE TRIPLETT,<br>        Plaintiff,<br><br>             v.<br><br>FEDERAL EXPRESS<br>CORPORATION, et al.,<br>        Defendants. | CV 20-10247 DSF (MAAx)<br><br>Order DENYING Motion to<br>Remand (Dkt. No. 16) |

    Plaintiff has moved for remand claiming that (1) Defendants have failed to establish Federal Express Corporation is not a citizen of California and (2) Defendants have failed to establish the amount in controversy exceeds $75,000. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 28, 2020 is removed from the Court's calendar.

    Neither of Plaintiff's arguments has merit. A corporation is the citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Federal Express Corporation is incorporated in Delaware. The principal place of business of a corporation is where the "nerve center" of the business is – where the corporation's high-level officers direct and control its activities. Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). Defendants provided evidence that the high-level officers are located in, and make decisions from, Tennessee. Plaintiff's only contrary argument is that Federal Express Corporation filed a Statement of Information for a foreign corporation with the California Secretary of State that said Federal Express Corporation's principal office *in*

*California* is in Irvine. A foreign corporation's principal office within a particular state is not the same as the principal place of business for the corporation as a whole.

The Court is also satisfied that the amount in controversy exceeds $75,000. Even if Defendants' lost wages calculation is exaggerated, potential emotional damages, attorney's fees (at $625 per hour), and requested punitive damages puts the amount at issue in the case well over $75,000. At $625 per hour, as requested in Plaintiff's motion to remand, Plaintiff's counsel would only have to spend 120.1 hours on the case for fees alone to exceed $75,000. There is a very high likelihood that litigation of this case through trial would require at least that much attorney time.

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: December 16, 2020

Dale S. Fischer
United States District Judge